UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Metaldyne Corporation, et al., | Case No. 09-13412-mg |
| Debtors. | (Jointly Administered) |
| BDC FINANCE, L.L.C., | |
| Appellant, | **Dist. Ct. Case No. 09-cv-07897-DLC** |
| v. | |
| METALDYNE CORPORATION, *et al.*, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, and MD INVESTORS CORPORATION | |
| Appellees. | |

# MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF METALDYNE CORPORATION, *et al.* FOR AN ORDER DISMISSING APPEAL AS STATUTORILY MOOT AND EQUITABLY MOOT

Dated: October 30, 2009

**REED SMITH LLP**
Mark D. Silverschotz
Michael J. Venditto
599 Lexington Avenue; 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
Email: msilverschotz@reedsmith.com

-and-

Kurt F. Gwynne
Mark W. Eckard
1201 N. Market Street; Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
Email: kgwynne@reedsmith.com

**Table of Contents**

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| THE APPEAL IS STATUTORILY MOOT | 2 |
| THE APPEAL IS EQUITABLY MOOT | 3 |
| CONCLUSION | 7 |

# Table of Authorities

**Cases**

Bay Harbour Manag., L.C., et al., v. Lehman Bros. Holdings Inc., et al.
 (In re Lehman Bros .Holdings), 2009 WL 667301
 (S.D.N.Y. Mar. 13, 2009) (Cote, D. J.) .................................................................................. 2, 7

Bildirici v. Kittay (In re East 44th Realty, LLC),
 2008 WL 217103 (S.D.N.Y. Jan. 23, 2008) ................................................................................ 6

Board of License Comm'rs v. Pastore,
 469 U.S. 238 (1985) .................................................................................................................... 2

Bradt v. Woodlawn Auto Workers, FCU (In re Bradt),
 757 F.2d 512 (2d Cir. 1985) ....................................................................................................... 5

Clark v. K-Mart Corp.,
 979 F.2d 965 (3d Cir. 1992) ....................................................................................................... 2

Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.),
 416 F.3d 136 (2d Cir. 2005) ................................................................................................ 3, 4, 6

Kabro Assocs. of W. Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.),
 111 F.3d 269 (2d Cir. 1997) ....................................................................................................... 3

Licensing by Paolo, Inc. v. Sinatra (In re Paolo Gucci),
 105 F.3d 837 (2d Cir. 1997) ....................................................................................................... 2

See In re Andy Frain Servs., Inc.,
 798 F.2d 1113 (7th Cir. 1986) .................................................................................................... 6

**Statutes**

11 U.S.C. § 363 ................................................................................................................................ 3

11 U.S.C. § 9-102 ............................................................................................................................ 5

TO THE HONORABLE DENISE COTE,
UNITED STATES DISTRICT COURT JUDGE:

Appellee, The Official Committee of Unsecured Creditors (the "Committee") respectfully submits this Memorandum of Law, together with the Declaration of Kurt F. Gwynne (the "Gwynne Declaration"), in Support of its Motion (the "Motion") to Dismiss the Appeal (the "Appeal") of BDC Finance, L.L.C. ("BDC") of the Order dated August 12, 2009 (the "Sale Order"), of Judge Martin Glenn of the United States Bankruptcy Court (the "Bankruptcy Court") for the Southern District of New York.

I.  **PRELIMINARY STATEMENT**[1]

BDC never sought or obtained a stay of the Sale Order. Consequently, on Friday, October 16, 2009, Metaldyne Corporation ("Metaldyne") and its debtor-affiliates (collectively, the "Debtors") closed on the sale (the "Sale") of a majority of their assets (the "Assets") to MD Investors Corporation ("MDI").

On Monday, October 26, 2009, the Debtors and MDI filed their Joint Motion of Debtors and Debtors in Possession and MD Investors Corporation to Dismiss the Appeal of BDC Finance, L.L.C. as Equitably and Statutorily Moot (D.I. 18-1) (the "Joint Motion to Dismiss"), an accompanying Memorandum of Law in Support thereof (D.I. 18-3) (the "Joint Memorandum"), and the Declaration of Heather Lennox in Support of the Joint Motion to

---

[1] Capitalized terms not defined in this Memorandum shall have the meanings ascribed to those terms in the Committee's Appellee Brief (the "Committee's Appellee Brief") (D.I. No. 11).

Dismiss (D.I. 18-4) (the "Lennox Declaration").[2] In the Joint Motion to Dismiss, the Debtors and MDI seek an order dismissing the Appeal on the grounds that the Appeal is (i) equitably moot and (ii) statutorily moot. To avoid unnecessary duplication and waste of the Court's resources, the Committee incorporates by reference the arguments set forth in the Joint Motion and the Joint Memorandum as though fully set forth herein.

## II.   THE APPEAL IS STATUTORILY MOOT

"[A]ppellate jurisdiction over an *unstayed* sale order issued by a bankruptcy court is statutorily limited to the narrow issue of whether the property was sold to a good faith purchaser." Licensing by Paolo, Inc. v. Sinatra (In re Paolo Gucci), 105 F.3d 837, 840 (2d Cir. 1997) (emphasis in original). In short, as this Court has held, "statutory mootness forecloses [a]ppellants' arguments beyond the issue of [a purchaser's] good faith." Bay Harbour Manag., L.C., et al., v. Lehman Bros. Holdings Inc., et al. (In re Lehman Bros .Holdings), 2009 WL 667301, at *7 (S.D.N.Y. Mar. 13, 2009) (Cote, D. J.) (absent a stay pending appeal, an appellate court may consider solely the issue of "whether the bankruptcy court committed reversible error in finding that [a purchaser] was a good faith purchaser."). Thus, ***all*** of BDC's arguments except its (unsupported) argument that MDI is not a "good faith" purchaser should be denied as statutorily moot.

Section 363(m) of the Bankruptcy Code provides, in relevant part, that

> The reversal or modification on appeal of an authorization . . . of
> a sale or lease of property does not affect the validity of a sale or

---

[2] Mootness is evaluated by the reviewing court, which may consider facts not available to the trial court. See Board of License Comm'rs v. Pastore, 469 U.S. 238, 240 (1985) ("When a [post-appeal] development . . . could have the effect of depriving the Court of jurisdiction due to the absence of a continuing case or controversy, that development should be called to the attention of the Court without delay."); Clark v. K-Mart Corp., 979 F.2d 965, 967 (3d Cir. 1992) (Unless reviewing court can receive facts relevant to mootness, "there [is] no way to find out if an appeal has become moot.").

> lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). The Second Circuit Court of Appeals has repeatedly "explained that this language 'preclud[es] this Court from reviewing . . . issues, other than the good faith of the purchaser, if the sale has closed . . .' before the appeal is heard, even when an 'appellant's challenge might raise [other] meritorious arguments.'" Kabro Assocs. of W. Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.), 111 F.3d 269, 272 (2d Cir. 1997) (quoting Gucci, 105 F.3d at 840).

Accordingly, the *only* issue that is not statutorily moot and that BDC can challenge in this Appeal is whether MDI was a good faith purchaser.[3] BDC's remaining objections to the Sale are statutorily moot under Section 363(m). See Colony Hill Assocs.. 111 F.3d at 273. ("Because Kabro failed to obtain a stay before Holiday closed, all of Kabro's arguments are moot except its claim that Holiday was not a good faith purchaser under § 363(m).").

## III. THE APPEAL IS EQUITABLY MOOT

As the Second Circuit cautioned, "[t]he party who appeals without seeking to avail himself of" a stay pending appeal "does so at his own risk." Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.), 416 F.3d 136, 145 (2d Cir. 2005) (citing Official Committee of Unsecured Creditors of LTV Aerospace and Defense Co. v. Official Committee of Unsecured Creditors of LTV Steel Co. (In re Chateaugay Corp.), 988 F.2d 322, 326 (2d Cir. 1993)). In this Appeal, BDC did not seek – and thus did not obtain – a stay of the Sale Order.

---

[3] The Committee addressed MDI's status as a good faith purchaser under Section 363(m) in the Committee's Appellee Brief. See Committee's Appellee Brief (D.I. No. 11) at pp. 20-22.

BDC's failure to request a stay pending appeal is a "chief consideration" in determining the equitable mootness of its Appeal. As the Second Circuit declared:

> A chief consideration . . . is whether the appellant sought a stay of confirmation. If a stay was sought, we will provide relief if it is at all feasible, that is, unless relief would knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court. But if the appellant failed to seek a stay, we consider additionally whether that the failure renders relief inequitable. We insist that a party seek a stay even if it may seem highly unlikely that the bankruptcy court will issue one.

See Metromedia, 416 F.3d at 144 (citations omitted). As a result of BDC's failure to seek a stay of the Sale Order, the Sale closed, and many actions have been taken in reliance upon the Sale Order. See Joint Memorandum at pp. 3-5 and Lennox Declaration at pp. 2-4.

Based on prior correspondence from BDC's counsel, the Committee anticipates that BDC will argue that its appeal of the Sale is not equitably moot because it simply involves an allocation of the proceeds of the Lenders' collateral. Any such assertion is incorrect.

The cash payments from MDI (including without limitation, MDI's agreement to pay administrative expense claims and $2.5 million for the benefit of unsecured creditors) were made to resolve challenges to the Agent's liens and security interests. The resolution of such challenges was required in order to determine the amount that the Agent could credit bid, thus enabling the Debtors to value the Agent's credit bid. Specifically, at the time of the Auction, the Court preserved the Estates' rights (i) to avoid the Preferential Mortgages, (ii) to surcharge the Lenders' collateral under Section 506(c) of the Bankruptcy Code, and (iii) to limit the Agent's liens based on the "equities of the case" exception in Section 552 of the Bankruptcy Code. The Estates also had the right to contest the Agent's argument that its security interests were

diminished by the DIP Loan (which would have resulted in the Estates having the right to the full value of the Unencumbered Stock).

MDI's cash payments to resolve such challenges to the Agent's liens are *not* "proceeds" of the Lenders' liens. BDC's argument to the contrary would undo the parties' resolution of the challenges to the Agent's liens and leave the Estates without the benefit of their challenges to the Agent's liens or the consideration paid by MDI to resolve those challenges. In essence, BDC argues that, even though the payments were made because of alleged challenges to the Agent's liens, those payments constitute collateral available to pay the claims secured by the Agent's liens. BDC's argument belies logic.

The "proceeds" of a lender's collateral include (i) property acquired upon the "sale, lease, license, exchange, or other disposition of collateral"; (ii) property "collected on, or distributed on account of" the collateral"; (iii) "rights arising out of" the collateral; (iv) claims arising out of loss or damage to the collateral; or (v) insurance proceeds. See 11 U.S.C. § 9-102(64)(A)-(E); Bradt v. Woodlawn Auto Workers, FCU (In re Bradt), 757 F.2d 512, 515 (2d Cir. 1985). The "proceeds" of a lender's collateral do not include consideration paid to a bankruptcy estate to resolve challenges or objections to the validity or extent of the lender's liens. BDC's contrary argument precludes any settlement of challenges to a lender's liens because the funds would nevertheless be payable to the lender. Thus, MDI's payments in respect of the Estates' challenges are not "proceeds" of the Agent's collateral.

BDC's request for payment from the $2.5 million paid by MDI solely for the benefit of unsecured creditors would effectively strip the unsecured creditors of the value paid by MDI to resolve challenges to the validity and extent of the Agent's liens and give it to one of the Lenders on whose behalf the Agent held liens. That is *not* the Sale to which the Committee, the Debtors,

the Agent, and MDI agreed.  See Gwynne Declaration at ¶¶ 5, 6, 7 and 9.  Nor is it a sale to which the Committee (or likely the Debtors) ever would have agreed.  See Gwynne Declaration at ¶ 10.  BDC's proposed relief in the Appeal would require a complete "unscrambling of the egg" because the Committee would insist on the reinstatement of all of its challenges to the validity and extent of the Agent's liens (as well as the right to surcharge the Agent's collateral for the expenses incurred to sell the collateral subject to the Agent's liens).  See Gwynne Declaration at ¶ 10.  BDC's suggestion that this Court rewrite the terms of the Sale - in a form to which the Committee would never have agreed - demonstrates the mootness of the Appeal.  See Metromedia, 416 F.3d at 145 ("If appellants' claims are substantial (as they urge), it is as likely as not that the bargain struck by the debtor and the released parties might have been different without the releases.").

Where an appellant, such as BDC, fails to stay the closing of a court-approved sale, its appeal is moot.  The appellant cannot challenge any of the terms of the sale.  See In re Andy Frain Servs., Inc., 798 F.2d 1113, 1127 (7th Cir. 1986) ("Wilson attempts to argue that even if the sale of AFS is moot, certain elements of the sale agreement, such as the resolution of objections to the secured claims, are still fair game on appeal.  Wilson cites no authority for this position, and we find it to be contrary to both the letter and the spirit of section 363(m).  If a party could willfully ignore the law, as Wilson has done, and then upset a sale to a good faith purchaser by attacking specific terms of the sale agreement, section 363(m) would be meaningless.  Given the important role section 363(m) plays in assuring a good faith purchaser at a bankruptcy sale good title, we find that the sale, including all of its terms, cannot be challenged on appeal when the appellant fails to obtain a stay."); Bildirici v. Kittay (In re East 44th Realty, LLC), 2008 WL 217103, at *7 (S.D.N.Y. Jan. 23, 2008) (rejecting appellant's argument that overturning the

settlement agreement post-sale would only impact "the distribution of sale proceeds" because altering the manner in which sale proceeds were distributed would "disrupt the equipoise that produced the Settlement in the first place, and without the Settlement," the asset sale would not have occurred).

In this case, there would not have been a Sale to MDI without MDI's payment of cash to the unsecured creditors and the Estates because the Committee would have sought to preserve the monetary value of the challenges to the Agent's liens and the right to surcharge the Agent's collateral for the expenses associated with the sale process. See Gwynne Declaration at ¶¶ 5, 6 and 9. Resolution of all those issues was an integral, necessary element of the Sale to which the Committee agreed. See Gwynne Declaration at ¶ 9 and 10. BDC's argument that the Appeal does not challenge the Sale because BDC can recover from the value provided to the Estates or the unsecured creditors is specious. See Lehman Bros., 2009 WL 667301, at *7 (declaring that appellants attempt "to escape the limitations imposed by Section 363(m) by arguing in their reply brief that they do not challenge the sale, but only the terms of the sale" was a "a specious distinction" because, without those terms, "no sale would have occurred").

## IV. CONCLUSION

For all of the foregoing reasons, the Committee respectfully requests that the Court dismiss the Appeal as (i) statutorily moot and (ii) equitably moot.

New York, New York
Dated:  October 30, 2009

Respectfully submitted,

**REED SMITH LLP**

By:    /s/ Mark D. Silverschotz
       Mark D. Silverschotz
       Michael J. Venditto
       599 Lexington Avenue
       22nd Floor
       New York, NY 10022
       Telephone:  (212) 205-6086
       Facsimile:  (212) 521-5450
       Email:  msilverschotz@reedsmith.com
                mvenditto@reedsmith.com

                and

       Kurt F. Gwynne
       Mark W. Eckard
       1201 N. Market Street, Suite 1500
       Wilmington, DE 19801
       Telephone: (302) 778-7500
       Facsimile: (302) 778-7575
       E-mail:  kgwynne@reedsmith.com
                meckard@reedsmith.com

       Counsel for the Official Committee of
       Unsecured Creditors